UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONYA E. RHODES,

    Plaintiff,
v.                             Case No. 8:19-cv-464-T-33SPF

ROBERT L. WILKIE, Secretary,
Department of Veterans Affairs,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Robert L. Wilkie's Motion to Dismiss Amended Complaint (Doc. # 25), filed on August 7, 2019. Plaintiff Tonya E. Rhodes filed a response in opposition on August 13, 2019. (Doc. # 27). Wilkie replied on August 15, 2019. (Doc. # 31). For the reasons that follow, the Motion is granted.

**I.**   **Background**

On February 22, 2019, Rhodes filed her Complaint against Wilkie, in his official capacity as Secretary of the Department of Veterans Affairs. (Doc. # 1). On April 29, 2019, Rhodes filed proof of service as to Wilkie only. (Doc. # 10; Doc. # 11).

Although the Court was not required to do so, it entered an Order on May 7, 2019, explaining to Rhodes how to serve

1

the United States and directing her to provide more information about her attempts to perfect service. (Doc. # 13). Specifically, the Court outlined the requirements of serving the United States pursuant to Federal Rule of Civil Procedure 4(i)(1), which requires "either the delivery of a copy of the summons and of the complaint to the United States attorney for the district where the action is brought or the sending of a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office" as well as "the sending of a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." (Id.). Thus, the Court made it clear that service on the United States required service on both the United States Attorney and the Attorney General. (Id.).

Rhodes, through her counsel, responded on May 10, 2019, that she had personally served Wilkie and mailed a copy of the summons and Complaint to the Department of Veterans Affairs via registered mail. (Doc. # 14). Thus, Rhodes concluded in her response that she had "successfully served the Defendant." (Id.).

Because the Court disagreed that this service was "successful," the Court entered another Order on that same day. In this Order, the Court stated in part:

> [I]t is clear that Rhodes has not properly served Defendant. To properly serve an agency or employee sued in an official capacity, a plaintiff must comply with Rule 4(i)(2). But, Rhodes is incorrect that serving a summons and complaint on the individual employee and sending additional copies via registered mail to the agency is sufficient to satisfy Rule 4(i)(2). As Rule 4(i)(2) clearly states, a plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). And Rule 4(i)(1) sets out the requirements for serving the United States. Thus, to properly serve a defendant under Rule 4(i)(2), a plaintiff must also serve the United States as set out in Rule 4(i)(1). For that reason, the Court in its May 7 Order explained the requirements of serving the United States. In short, the Court concludes that Rhodes has not properly served Defendant because she has not even attempted to serve the United States. The Court reminds Rhodes that the service deadline is May 23, 2019, and that the Court will be disinclined to extend the service deadline based on Rhodes' failure to properly serve the United States.

(Doc. # 15).

Then, on May 23, 2019, Rhodes filed a response to the Court's May 10 Order, stating that she had served the United States Attorney in compliance with Rule 4(i)(1). (Doc. # 16). Rhodes soon after filed a return of service document reflecting service on the United States Attorney. (Doc. #

3

19). However, Rhodes did not claim to have served the Attorney General in her May 23 response. (Doc. # 16). Nor has Rhodes ever filed proof of service for the Attorney General of the United States.

Subsequently, Wilkie filed a motion to dismiss the Complaint. (Doc. # 20). Rhodes filed an Amended Complaint rather than respond to that motion. (Doc. # 23). Now, Wilkie again moves to dismiss the Amended Complaint for improper service. (Doc. # 25). Rhodes has responded (Doc. # 27), and Wilkie has replied. (Doc. # 31). The Motion is ripe for review.

## II. Discussion

Wilkie argues this case should be dismissed because Rhodes failed to serve the United States in accordance with Federal Rule of Civil Procedure 4. (Doc. # 25 at 1). The Court agrees that service was insufficient as explained below.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). "A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)," which is within 90 days of the plaintiff filing the complaint. Lepone-

Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1280–81 (11th Cir. 2007); see also Fed. R. Civ. P. 4(m).

A defendant may move for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for insufficient service of process pursuant to Rule 12(b)(5). Fed. R. Civ. P. 12(b)(2)&(5). "A Rule 12(b)(5) motion challenging sufficiency of service must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013)(citations and internal quotation marks omitted).

Regarding how to serve Wilkie, Rule 4(i)(2) provides:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2). Thus, to serve Wilkie, Rhodes must (1) have sent a copy of the summons and the Complaint to Wilkie via registered or certified mail and (2) served the United States.

Rule 4(i)(1) sets out the method of serving the United States. It reads in relevant part:

> To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought — or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk — or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1).

Wilkie argues that service was insufficient because Rhodes never served the Attorney General of the United States. (Doc. # 25 at 7). Wilkie has submitted the sworn declaration of Joseph E. Gerstell, who is the contracting officer responsible for reviewing the Department of Justice's Mail Referral Unit (MRU). (Doc. # 25-1). The MRU "receives, processes and distributes incoming mail addressed to the [Attorney General] and to the [Department of Justice] generally." (Id. at 3). According to Gerstell, "the MRU staff searched the database and found no record that the [Attorney General] had been served in the matter of Tonya E. Rhodes v. Robert Wilkie, case number 8:19-cv-464." (Id.).

In her response, Rhodes argues — without documentary support or an affidavit — that her counsel mailed "via regular

mail" a copy of the Complaint and summons to the Attorney General on May 23, 2019. (Doc. # 27 at 2). Rhodes, without providing any explanation for why she did not file proof of service on the docket or why she did not mention such service in her May 23 response, states that she "did not save and is not in possession of the tracking number for the package mailed directly to the Attorney General's office." (Id.).

Given the lack of proof of service for the Attorney General and Rhodes' utter failure to mention this supposed service earlier, the Court is skeptical of Rhodes' convenient allegation. Regardless, even taking as true Rhodes' allegation that she served the Attorney General via regular mail, Rhodes has failed to establish that she properly served the Attorney General. Rule 4(i)(1)(B) specifies that the copies of the summons and complaint must be mailed to the Attorney General by registered or certified mail — not regular mail. Fed. R. Civ. P. 4(i)(1)(B); see also Sun v. United States, 151 F. App'x 860, 862 (11th Cir. 2005)("[Plaintiff] concedes that he had his summons and complaint sent through the regular mail to the United States Attorney. Because he did not mail his complaint and summons to the United States Attorney by certified or registered mail, service was not

effected in accordance with Rule 4 of the Federal Rules of Civil Procedure.").

Thus, there is no dispute that Rhodes failed to serve the Attorney General as required by Rule 4(i)(1)(B). Rhodes has not completed service on Wilkie. And the time for serving Wilkie in this action ended on May 23, 2019. See Fed. R. Civ. P. 4(m)(specifying that service must be perfected within 90 days of the filing of a complaint).

Given this Court's two explanations to Rhodes — who is represented by counsel — about how to serve the United States and the importance of doing so properly (Doc. # 13; Doc. # 15), the Court finds that good cause does not exist to extend the deadline to serve Wilkie. The failure to properly serve Wilkie was clearly the result of Rhodes' negligence. See Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009)("Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" (citation omitted)).

Nor has Rhodes presented any other circumstances that warrant extension of the service deadline. See Id. ("Even if a district court finds that a plaintiff failed to show good cause, 'the district court must still consider whether any other circumstances warrant an extension of time based on the

facts of the case.'" (citation omitted)); see also D.H.G. Props., LLC v. Ginn Cos., LLC, No. 3:09-cv-735-J-34JRK, 2010 WL 11515292, at *3 (M.D. Fla. Sept. 28, 2010)(noting that courts consider factors such as "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service"). Rhodes argues only that service was proper — not that any circumstances justify extension of the service deadline. (Doc. # 27). And the Court is not independently aware of any circumstances that would justify such extension.

Therefore, this case is dismissed without prejudice because Rhodes failed to properly serve Wilkie, which results in this Court's lack of personal jurisdiction over Wilkie.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Robert L. Wilkie's Motion to Dismiss Amended Complaint (Doc. # 25) is **GRANTED.**
(2) The case is **DISMISSED** without prejudice.
(3) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of August, 2019.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE